**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DENISE GRILLASCA,

    Plaintiffs,

vs.                                            CASE NO. 8:05-CV-1736-T-17TGW

AMERADA HESS CORPORATION, and
AMSOUTH BANK,

    Defendants.
_____/

## ORDER

       This cause is before this Court on Defendant, AmSouth Bank's, Motion to Dismiss Complaint, or for More Definite Statement of Claims, and Motion to Abate and to Compel Arbitration, and Incorporated Memorandum of Law, filed on October 11, 2005 (Docket No. 6) and Defendant, Amerada Hess Corporation's, Motion to Dismiss Complaint, Motion to Stay and Compel Arbitration and Incorporated Memorandum of Law, filed on October 28, 2005. (Docket No. 9)  Additionally, this cause is before this Court on Plaintiffs' responses thereto, filed November 04, 2005 and November 21, 2005.  (Docket Nos. 11 and 19)

## BACKGROUND

       On September 16, 2005, Plaintiff, DENISE GRILLASCA (the "Plaintiff"), filed a class action complaint (the "Complaint") against Defendant AMSOUTH BANK ("AmSouth") and Defendant AMERADA HESS CORPORATION ("Hess").  The Plaintiffs filed the Complaint in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1332 (2005) (diversity), as the Plaintiff is a resident of the State of Florida, AmSouth is an Alabama corporation, and Hess is a Delaware corporation.  As the Complaint currently stands, the amount in controversy is unclear.

CASE NO. 8:05-CV-1736-T-17TGW

In the Complaint, the Plaintiff set forth a series of allegations against Defendants: (1) a violation of the Deceptive and Unfair Trade Practices Act; (2) negligent supply of false information; (3) breach of fiduciary duty; and (4) conversion of funds. (Docket No. 1) Additionally, the Plaintiff set forth two allegations against Hess individually: (1) intentional misrepresentation; and (2) breach of implied contract. (Docket No. 1) Finally, the Plaintiff alleged that AmSouth, individually, breached its contract with the Plaintiff. (Docket No. 1) The Plaintiff sought the following remedies: (1) damages; (2) attorney's fees and costs; and (3) an injunction enjoining the Defendants (a) from placing charges on consumer debit and credit accounts; or (b) alternatively, requiring Hess to place clearly visible notice to consumers that such charges will be placed on their accounts. (Docket No. 1)

AmSouth filed a Motion to Dismiss for Lack of Jurisdiction, or for More Definite Statement of Claims, and Motion to Abate and to Compel Arbitration and Incorporated Memorandum of Law on October 11, 2005. (Docket No. 6) Additionally, on October 28, 2005, Hess filed a Motion to Dismiss Complaint, Motion to Stay and Compel Arbitration and Incorporated Memorandum of Law. (Docket No. 9) In response to AmSouth's motion, Plaintiff filed a Response in Opposition to Defendant AmSouth's Motion to Dismiss Complaint for More Definite Statement of Claims and Motion to Abate and Motion to Compel Arbitration and Plaintiff's Motion for Leave to Amend and Incorporated Memorandum of Law on November 4, 2005. (Docket No. 11)

Furthermore, on November 21, 2005, Plaintiff filed a Response in Opposition and Incorporated Memorandum of Law to Defendant Amerada Hess' Motion to Dismiss Complaint, Motion to Stay and Compel Arbitration and Incorporated Memorandum of Law. (Docket No. 19) Finally, AmSouth filed a Response to Plaintiff's Motion for Leave to File Amended Complaint, and Reply to Plaintiff's Response in Opposition to Arbitration on December 2, 2005. (Docket No. 20)

CASE NO. 8:05-CV-1736-T-17TGW

## **DISCUSSION**

There are many issues set forth before this Court by the parties. However, before this Court can even attempt to address such issues, it must address a threshold issue, that is, whether this Court has the requisite subject matter jurisdiction necessary to allow this Court to assert jurisdiction.

District courts have original jurisdiction over all civil matters in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States. (28 U.S.C. § 1332(a)(1) (2006))  Additionally, in the context of a class action, district courts shall have original jurisdiction over any civil matter in which the amount in controversy exceeds $5,000,000.00 and <u>any</u> member of the plaintiff class is a citizen of a State different than any defendant. (28 U.S.C. § 1332(d)(2)(A) (2006))

On the record before it, this Court questions whether either one of the two elements necessary for subject matter jurisdiction is present as the Complaint is currently written. Although the Plaintiff clearly meets the diversity of citizenship requirement, this Court is unable to determine if the necessary amount in controversy is present to allow this Court to assert jurisdiction over the matter. The Plaintiff has failed to set forth a clear statement of damages claimed, and, frankly, this Court can not infer such damages from the Complaint. Accordingly, it is

3

CASE NO. 8:05-CV-1736-T-17TGW

**ORDERED** that Defendant AmSouth's Motion to Dismiss for Lack of Jurisdiction, or for More Definite Statement of Claims, and Motion to Abate and to Compel Arbitration and Incorporated Memorandum of Law (Docket No. 6) and Defendant Hess' Motion to Dismiss Complaint, Motion to Stay and Compel Arbitration and Incorporated Memorandum of Law (Docket No. 9) be **GRANTED** in part and the Plaintiff has ten (10) days from this date to amend the Complaint and establish jurisdiction in this case.[1]  FAILURE TO TIMELY AMEND THE COMPLAINT WILL RESULT IN DISMISSAL WITHOUT FURTHER NOTICE.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 31st day of March, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

---

[1] Although this Court is granting permission to amend, it notes that, under Fed. R. Civ. P. 15, Plaintiff does not need permission to amend the Complaint, as neither Defendant has served a responsive pleading to the Complaint.