UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DENISE GRILLASCA,**
and **KELLY MAYZIK,**

      Case No. 8:05-cv-1736-T-17TGW

    Plaintiffs,

v.                                 **CLASS ACTION COMPLAINT**

**AMERADA HESS CORPORATION,**

    Defendant.
_____/


**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

THIS CAUSE is before the Court on the Defendant's, Amerada Hess Corporation's, Motion to Dismiss Second Amended Complaint, along with Defendant's Incorporated Memorandum of Law, (Dkt. 52), filed on August 15, 2006. The Court also has before it Plaintiffs', Denise Grillasca's and Kelly Mayzik's, Response in Opposition to Defendant's Motion to Dismiss, along with Plaintiffs' Memorandum of Law, (Dkt. 53), filed on August 29, 2006.

**I.    Standard of Review**

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. Fed. R. Civ. P. 12(b)(6). A cause of action should only be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff will not be able to prove a set of facts to support a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations" of the complaint. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

**II.     Procedural Background**

This controversy is a class action between Plaintiffs, Denise Grillasca and Kelly Mayzik, (the "Customers"), purchasers of gasoline at Defendant's filling stations, and Defendant, Amerada Hess Corporation, ("Hess"), a Delaware corporation engaged in the merchandising of gasoline throughout the United States. The controversy involves a dispute over certain "holds" placed by Hess on the Customers' bank accounts during point-of-sale purchases.

The original complaint was filed by Plaintiff Grillasca on September 15, 2005, against Hess and AmSouth Bank. On March 31, 2006, the Court granted Defendants' motions to dismiss for failure to allege a sufficient basis for jurisdiction and gave Plaintiff Grillasca leave to amend the complaint. Plaintiff Grillasca, thereafter, filed a First Amended Complaint on April 10, 2006, alleging appropriate bases for jurisdiction. Then, during a preliminary hearing before the Court, it was determined that Plaintiff Grillasca had settled with AmSouth. On July 18, 2006, a Second Amended Complaint was filed solely against Hess and with Kelly Mayzik added as a plaintiff.

The Customers allege claims for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, for damages due to fraud, for damages due to negligent misrepresentation, and for damages due to breach of contract. These claims stem from allegedly excessive "holds" placed by Hess on the Customers' accounts without the Customers' knowledge.

In the matter before the Court, Hess moves to dismiss the Second Amended Complaint alleging that the Customers' state law claims are pre-empted by the Electronic Fund Transfer Act, ("EFTA"), or, alternatively, that the Customers' complaint does not allege claims upon which relief can be granted.

**III.     Factual Background**

On September 1, 2005, and September 8, 2005, respectively, Customers Grillasca and Mayzik visited Hess filling stations to make point-of-sale purchases of gasoline advertised outside the stations at particular prices.  In effecting the purchases, the Customers swiped their respective debit cards and proceeded to dispense the gasoline.

Later, the Customers attempted to use funds from their corresponding checking accounts and were unable to do so due to "holds" placed by Hess on the accounts.  The amounts of these "holds" were significantly greater than the prices advertised for the gasoline that was purchased—as much as seven and one half times the purchase price.  These "holds" caused the Customers to lose the use of their funds for up to seven days, and the Customers alleged that they suffered damages as a result.

**IV.     Pre-emption**

The Eleventh Circuit recognizes federal pre-emption of state laws in the following circumstances:

> (1) where Congress expressly states that its statutes pre-empt state law;
>
> (2) where Congress has so pervasively regulated a field so that it can be inferred that its statutes pre-empt state law; and
>
> (3) where federal law and state law conflict such that compliance with state law interferes with the purpose of Congress.  *Griffith v. General Motors Corp.*, 303 F.3d 1276, 1279 (11th Cir. 2002); *Teper v. Miller*, 82 F.3d 989, 993 (11th Cir. 1996); *see English v. General Elec. Co.*, 496 U.S. 72, 74-79 (1990).

Since pre-emption "fundamentally is a question of congressional intent," *Id*. at 79, then, in order to find that federal law and state law conflict, state law must either make it impossible to comply with federal law or interfere with the purpose of federal law.  *Boyes v. Shell Oil Products Co.*, 199 F.3d 1260, 1269 (11th Cir. 2000).

The Electronic Funds Transfer Act, ("EFTA"), establishes the "rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). An electronic fund transfer is a "transfer of funds . . . which is initiated through an electronic terminal . . . so as to . . . authorize a financial institution to debit or credit an account" and can include point-of-sale transfers. *Id*. at (a). The primary purpose of EFTA is to provide for "individual consumer rights," and protection of the consumer is not preempted by federal law. 15 U.S.C. § 1693; *Bank One v. Guttau*, 190 F.3d 844, 851 (8th Cir. 1999). In fact, EFTA contains an anti-preemption provision which states, "a State law is not inconsistent with [EFTA] if the protection such law affords any consumer is greater than the protection afforded by this subchapter." *Id*. at 850; 15 U.S.C. § 1693(q).

In the matter before the Court, the Customers, as participants in electronic fund transfers, did initiate transfers of funds by authorizing their respective financial institutions to debit their corresponding accounts in the amounts of the gasoline purchases from Hess. The authorizations given to the financial institutions by the Customers to debit their accounts are transactions that fall under the provisions of EFTA. *See* 15 U.S.C. § 1693(a). However, these authorized transactions between the Customers and their respective financial institutions are not at issue here. The challenged acts are the issuances by Hess of "holds" on the Customers' accounts in amounts substantially higher than the amounts contracted for by the Customers when they purchased their gasoline. Therefore, EFTA does not apply to the challenged acts because it does not address whether businesses must notify their potential customers regarding any "holds" or deposits required in order to purchase goods.

Yet, even if the challenged acts involving the issuance of "holds" by Hess could in any way be determined to fall under the provisions of EFTA, pre-emption would not apply. EFTA's primary purpose is to protect the individual consumer, and EFTA's anti-preemption provision allows for state laws that afford greater protection to the consumer. 15 U.S.C. § 1693; 12 C.F.R. § 205.12 (stating specifically that pre-emption of state law only exists where the state law is inconsistent, and that no inconsistency exists where state law provides more protection to consumers or where required "disclosures relate to consumer rights granted by the state law and not by the federal law"); *Bank One,* 190 F.3d at 850. Here, state laws addressing unfair trade, fraud, negligent misrepresentation, and breach of contract exist to afford protection to

unsuspecting consumers, and Hess has not offered evidence to show that these state laws interfere with the purpose of Congress specifically stated in EFTA.  *See* 15 U.S.C. § 1693.

Hess asserts that federal law under 12 C.F.R. § 205.7 requires financial institutions, not businesses like Hess, to make disclosures to account holders regarding any information relative to electronic fund transfers.  While the regulation requires financial institutions to make certain disclosures to their customers regarding the general workings of electronic fund transfers, it does not specifically absolve businesses such as Hess from liability for failing to notify customers of any practice involving the placing of "holds" on their customers' accounts.  *See* 12 C.F.R. § 205.7.  The Customers are asserting that the placing of allegedly excessive "holds" on their accounts by Hess amounts to the seizing of deposits from the Customers without their knowledge or permission.  Hess provides no legal authority to show that the regulation it relies on can be used to extricate Hess from liability due to its practice of placing "holds."  Accordingly, Hess's motion to dismiss the complaint due to federal pre-emption based on EFTA is denied.

**IV.     State Law Claims**

Hess also alleges that the Customers' state law claims fail to state a claim upon which relief can be granted.

### A.     Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Claims

"[I]n order for the consumer to be entitled to any relief under FDUTPA, the consumer must not only plead and prove that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act." *Rollins, Inc. v. Butland*, 932 So.2d 1172, 1180 (Fla. 2d DCA 2006) (quoting *Macias v. HBC of Fla., Inc.,* 694 So.2d 88, 90 (Fla. 3d DCA 1997)).  Accordingly, a valid claim under FDUTPA consists of the following elements:  (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  *Rollins, Inc.*, 932 So.2d at 1180.

A deceptive act is an act that is likely to mislead consumers.  *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st DCA 2000).  This "likely to mislead" standard does not require reliance on the part of the consumer.  *Id*.  An unfair practice is "one that 'offends established public

5

policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' " *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773, 777 (Fla. 2003) (citing *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 499 (Fla. 4th DCA 2001)); *see Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen.,* 761 So.2d 1256, 1263 (Fla. 3d DCA 2000) (stating that a deceptive act occurs if there is a " 'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.' ") (quoting *Southwest Sunsites, Inc. v. Fed. Trade Comm'n,* 785 F.2d 1431, 1435 (9th Cir. 1986)).

      Here, the Customers aver that Hess's deceptive acts of placing allegedly excessive "holds" on their accounts caused the loss of the use of their monies for four to seven days resulting in deprivation of basic needs, insufficient funds to cover expenses, and overdraft charges. Thus, they have alleged an act, causation, and damages. Is the act deceptive or "likely to mislead" consumers? When gasoline is advertised at the Hess filling station for a specific price, it can be considered to be highly likely to mislead the Customers if Hess places on their accounts "holds" for substantially higher amounts than those that were advertised. Therefore, in viewing the Complaint in the light most favorable to the plaintiff, the Court determines that the Customers have shown sufficient facts to support a theory of recovery entitling the plaintiff to relief. Therefore, Hess's motion to dismiss the state law claims under FDUTPA is denied.

      **B.      Fraud and Negligent Misrepresentation Claims**

      A cause of action for common law fraud must allege the following elements: (1) a false statement; (2) known by the declarant to be false when it was made; (3) intent by the declarant to induce another to act in reliance upon the statement; (4) reliance on the statement; and (5) resulting in detriment. *Gandy v. Trans World Computer Technology Group*, 787 So.2d 116, 118 (Fla. 2d DCA 2001). A valid claim for misleading advertising requires the claimant to prove each of the elements of common law fraud, including reliance and damages. *Rollins, Inc.*, 932 So.2d at 1188.

      "In order to be actionable, a suit for negligent misrepresentation must contain the following elements: (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or

6

falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Atlantic Nat. Bank of Florida v. Vest*, 480 So.2d 1328, 1331-1332 (Fla. 2d DCA 1985). A material fact is one that but for the alleged false representation of that fact, the complainant would not have so acted. *Id*. at 1332.

Here, the Customers allege that Hess falsely misrepresented that the Customers' only obligations to Hess were to pay for the exact cost of the gasoline they purchased pursuant to the amount reflected on the gasoline pumps. The Customers further assert that Hess required much more from customers paying by debit card in the form of "holds" on customer accounts. The Customers pled that in reliance on these misrepresentations of material fact they were induced to enter into the transactions for gasoline which they would not have done if they were aware of Hess's practice of placing allegedly excessive "holds" on customer accounts. As a result of the representations, the Customers claim they suffered a detriment.

Hess awkwardly argues that the Customers did not plead sufficient facts to prove the element of reliance because they could not have relied on representations that the gasoline cost a specific amount when the amounts could not be known until after the gasoline was dispensed and purchased. Yet, in the Second Amended Complaint at paragraphs 89 and 95, the Customers make plain that it was the allegedly false representations of the obligations to pay only the amounts of their purchases at a specified price per gallon on which they relied. The Court is not swayed by Hess's attempt to circle around logic and assert that its representations regarding the amounts of the payments could only occur after the purchases. Thus, in viewing the Complaint in the light most favorable to the Customers, Hess's motion to dismiss the common law fraud claim and the negligent misrepresentation claim is denied.

### C.     Breach of Contract Claim

"The elements of an action for breach of contract are:  (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *Rollins, Inc*., 932 So.2d at 1187.  "In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Id*.

One set of facts may gave rise to various theories in a complaint—in proving one count, such as deceptive trade practices, a claimant may also prove other counts because deceptive trade practices can often involve breach of contract, fraud or negligent misrepresentation.  *See Heindel v. Southside Chrysler-Plymouth, Inc*., 476 So.2d 266, 271 (Fla. 1st DCA 1985).

The elements for a cause of action for breach of implied contract differ from the elements required for a breach of contract claim in that "[a] contract implied in law is an obligation imposed by law to prevent unjust enrichment. The essential elements that must be proven under a theory of unjust enrichment are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Swindell v. Crowson*, 712 So.2d 1162, 1163 (Fla. 2d DCA 1998).  Ordinarily, contracts may be implied in order to justify payments for services rendered or goods provided under circumstances where there is no express contract. *Hoon v. Pate Const. Co., Inc.*, 607 So.2d 423, 427 (Fla. 4th DCA 1992).

Contracts implied in law are not founded on the intention of the parties to perform or on agreements but are obligations compelled by law to prevent unjust enrichment. *Rabon v. Inn of Lake City, Inc.*, 693 So.2d 1126, 1131 (Fla. 1st DCA 1997).

If a complaint requests a specific form of relief under a particular theory of contract law, a court may find that the exact form of the prayer is not controlling and that the complaint sufficiently alleges a valid claim under an alternative theory where the complaint also includes a request for general relief. *Rite-Way Painting & Plastering, Inc. v. Tetor,* 582 So.2d 15, 17 (Fla. 2d DCA 1991).

Here, the Customers assert that they entered into implied consumer contracts with Hess for the purchase of gasoline at Hess's advertised prices at the pump. The Customers also assert that Hess breached these contracts by requiring allegedly excessive "holds" of additional funds for the purchases over and above the actual cost of the gasoline without the knowledge of the Customers. The Customers further contend that Hess's alleged breach of their contract in causing allegedly excessive "holds" to be placed on their bank accounts caused them to sustain substantial damages in that they did not have access to all of their available funds for a period of up to seven days. While the Customers specifically claim breach of "customary implied consumer self-service gasoline purchase contracts," it is unclear if the Customers intended to bring a cause of action for unjust enrichment or for breach of contract. Since the complaint includes a request for general relief, the Court finds that the exact form of the prayer is not controlling and that the Complaint sufficiently alleges a cause of action for breach of contract.

Hess argues that the Customers are attempting to insert extraneous provisions into the contracts other than the obligation to pay by alleging that Hess should have provided notice of its practice of placing "holds" on customers' accounts when customers pay with debit cards. Yet, rather than attempting to insert extraneous provisions into the contracts, the Customers allege that Hess breached the contract by extracting additional consideration from the Customers beyond the purchase price of the gasoline without the Customers' knowledge. This is not to say that Hess actually received more than the amount of the purchase of gasoline in actual funds, but that Hess extracted additional value from the Customers in the form of deposits or "holds" placed on the Customers' accounts. These "holds" provided Hess with protection until full payments were provided. Thus, the Customers allege that Hess obtained from them the value of protection without consideration which resulted in damages in that the Customers did not have access to their funds.

The Court in viewing the Complaint in the light most favorable to the Plaintiff determines that it is not clear that no relief could be granted under the stated facts that could be proved consistent with the allegations of the Complaint. Accordingly, it is

**CASE NO. Case No. 8:05-cv-1736-T-17TGW**

    **ORDERED** that the Defendant's Motion to Dismiss Second Amended Complaint, (Dkt. 52), be **DENIED**. Defendant Hess shall have ten days from this date to answer the Complaint.

    **DONE AND ORDERED** in Chambers at Tampa, Florida, this 14th day of November 2006.

*[signature]*

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.