UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

DENISE GRILLASCA
and KELLY MAYZIK,
    Plaintiffs,

vs.                                                       CIVIL CASE NO.: 8:05-1736-T-17TGW

AMERADA HESS CORPORATION,         **CLASS ACTION COMPLAINT**

    Defendant.

_____/

**<u>ORDER ON RULE 59(e) MOTION FOR RECONSIDERATION OF DENIAL OF CLASS CERTIFICATION AND CLARIFICATION OF DISMISSAL OF THE THIRD AMENDED COMPLAINT WITH PREJUDICE</u>**

This cause is before the court on Plaintiffs' Rule 59(e) Motion for Reconsideration of Denial of Class Certification and Clarification of Dismissal of the Third Amended Complaint with Prejudice, filed August 3, 2007 (Dkt. 90) ("Plaintiffs' Motion"), and Defendant's response thereto filed August 16, 2007 (Dkt. 91). For the reasons set forth below, Plaintiffs' Motion is denied with regard to the denial of class certification but granted to amended the relevant order to state that dismissal is without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

This Court has previously discussed the background facts of this case in the Order on Motion to Certify Class filed on July 24, 2007 (Dkt. 89). Those facts are re-adopted and accepted as true for the purpose of resolving this pending motion. For the benefit of the reader, pertinent facts are summarized as follows:

1

This case involves Plaintiffs Denise Grillasca and Kelly Mayzik, both of whom allege injuries by Defendant Amerada Hess Corporation (HESS). (Dkt. 89 pg. 1). Plaintiffs' injuries resulted from their purchase of gas, via debit card, from Defendant. At the time of each purchase, Plaintiffs anticipated Defendant would withdraw only the exact purchase amount from their respective accounts, when in fact, Defendant requested a pre-authorization in the amount of $75.00. Plaintiffs were consequently denied access to certain funds in their checking accounts and assert financial damages, emotional distress, and inconvenience as a result. (Dkt. 89 pp. 2–3).

On September 16, 2005, Plaintiffs filed a class action suit as representatives on behalf of themselves and the proposed class pursuant to 28 U.S.C. § 1332 (diversity). On April 16, 2007, Plaintiffs filed a Third Amended Complaint, which removed Am South from the instant case. Subsequently, Plaintiffs filed a Motion to Certify Class. In response to Plaintiffs' motion, Defendant filed a response in opposition to Plaintiffs' Motion to Certify Class on June 25, 2007, asserting that Plaintiffs failed to meet the Rule 23 requirements of the Federal Rules of Civil Procedure. In response to Defendant's motion, Plaintiffs filed a reply to Defendant's response on July 9, 2007, maintaining that all requirements of Rule 23 have been met for class certification. (Dkt. 89 pg. 1).

**STANDARD OF REVIEW**

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla. 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F. 2d 1237, 1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are

not to be used "to raise arguments, which could and should have been made earlier" *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, 2005 WL 1053691 (citing *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D 480, 489 (M.D. Fla. 1999)).

## DISCUSSION

Although the district courts are given substantial discretion in ruling on motions for reconsideration, *Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir. 1992), this Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (referencing *Decker Coal Co. v. Hartman,* 706 F. Supp. 745, 750 (D. Montana 1998)). This Court maintains that Plaintiffs, although afforded sufficient time to do so, have failed to proffer even minor evidentiary support for the numerosity they claim. Furthermore, they have failed to identify an intervening change in controlling law. Instead, they have simply restated the data initially utilized in support of their estimate regarding the numerosity of potential class members: the very estimate this Court has already identified as "speculative and unsubstantiated" (Dkt. pg. 89). Thus, Plaintiffs have failed to present any additional evidence or new law of a strongly convincing nature as to persuade this Court to reverse its prior decision. Additionally, in order to meet the amount in controversy requirement under 28 U.S.C. § 1332 (b)(1)(a) (2007), Plaintiffs were required to provide either a reasonable basis that the class is

sufficiently numerous to support a claim of at least $5,000,000.00, or show that the total aggregated damages for the class would exceed $5,000,000.00. (Dkt. 89 pg. 24). Although Plaintiffs allege numerosity sufficient to meet this requirement, they provide little more than assumptions and estimations, thus failing to provide a reasonable basis for their claims. (Dkt. 90 p. 8–9). As this Court previously stated; without a reasonable basis to support Plaintiffs' alleged numerosity of class members, or for Plaintiffs' purported total damages, class certification must be denied. (Dkt. 89 pg. 24).

Regarding its request for clarification, Plaintiffs correctly state and Defendant candidly acknowledges, that because the Court dismissed for lack of subject matter jurisdiction, (Dkt. 89 pp. 23–24), the dismissal is not adjudication on the merits and should be dismissed without prejudice to allow for filing in the appropriate court. *Crotwell v. Hockman-Lewis Limited*, 734 F.2d 767, 769 (11th Cir. 1984). Because this Court is hereby modifying its order to reflect that the dismissal is without prejudice, Plaintiffs are not prevented from seeking relief in the proper court, and no manifest injustice will result by the denial of Plaintiffs' motion.

## CONCLUSION

As a result, this Court denies Plaintiffs' motion due to its failure to state facts or law of a strongly convincing nature, sufficient to induce the court to reverse its prior decision. However, to prevent manifest injustice, this Court modifies its Order to state that dismissal is based solely upon lack of subject matter jurisdiction and thus, is dismissed without prejudice. Accordingly, it is:

**ORDERED** that the Plaintiffs' Rule 59(e) Motion for Reconsideration of Denial of Class Certification and Clarification of Dismissal of the Third Amended Complaint with Prejudice be **DENIED** with regard to class certification, but **GRANTED** in part and the dismissal in this case is clarified to be without prejudice.

**DONE AND ORDERED** in Chambers, in Tampa Florida on this 14th day of September, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record